**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

MAGIN ORELLANA-GEVARA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-70364

Agency No. A099-469-341

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Magin Orellana-Gevara, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order affirming without opinion an

immigration judge's ("IJ") decision denying his motion to reopen removal

proceedings conducted in absentia.  Our jurisdiction is governed by 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law, including claims of due process violations. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The IJ did not abuse her discretion by denying Orellana-Gevara's motion to reopen because the notice of hearing was addressed to Orellana-Gevara in care of his adult custodian at their shared address of record. *See* 8 U.S.C. § 1229(c) (notice by mail to most recent address provided by alien sufficient); *cf. Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1157-58 (9th Cir. 2004) (notice of hearing served on minor insufficient where not also served on adult custodian).

To the extent Orellana-Gevara sought to reopen based on exceptional circumstances, the motion was filed more than 180 days after the IJ's July 28, 2006, order, *see* 8 C.F.R. § 1003.23(b)(4)(ii), and Orellana-Gevara failed to demonstrate grounds for equitably tolling the filing deadline, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003).

The denial of Orellana-Gevara's motion to reopen therefore did not violate due process. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a due process violation).

We lack jurisdiction to review Orellana-Gevara's contention that the IJ

violated due process during the April 21, 2006, hearing, because Orellana-Gevara failed to raise this issue before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**